UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY F. STARK, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 4:10-CV-1141RWS |
| v. | ) |
| | ) |
| HEALTHY ALLIANCE LIFE INSURANCE | ) |
| COMPANY d/b/a/ ANTHEM BLUE CROSS | ) |
| BLUE SHIELD, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is an ERISA case arising out of the denial of health insurance coverage for Plaintiffs Gregory F. Stark and Joan Stark's ("Plaintiffs") son Theodore Stark ("Son"). Plaintiffs allege in their complaint that Defendants wrongfully denied medical treatment covered by their health insurance and seek reimbursement of medical expenses incurred and coverage of future medical expenses for their son's treatment. Defendants filed a partial motion to dismiss several of Plaintiffs' claims and a motion to strike the Plaintiffs' demand for a jury trial. Because several of Plaintiffs' causes of action are barred by the statutes under which they are pursued, I will grant Defendants' partial motion to dismiss and grant Plaintiffs leave to amend their complaint. I will also grant Defendants' motion to strike Plaintiffs' jury demand.

*Background*

Defendant Healthy Alliance Life Insurance Company ("HALIC") issues insurance policies in St. Louis, Missouri that are underwritten by Defendant Anthem Blue Cross and Blue Shield ("Anthem"). The health insurance plans provide payment for medical benefits and

treatment to its insureds in exchange for a premium. Defendant Right Choice Managed Care, Inc. ("Right Choice") assists HALIC in marketing HALIC's insurance products, soliciting customers, and in the sale of health insurance policies. Right Choice also collects premiums and processes claims to pay medical providers that have treated HALIC's insureds. Plaintiffs' company, GPS LLC Global Recruiters of St. Louis, purchased a health insurance policy from Defendant Anthem.

Plaintiffs' son was admitted to the Change Academy of the Lake of the Ozarks ("CALO") in Lake Ozark, Missouri on March 27, 2009 for the treatment of Dysthymia, Reactive Attachment Disorder, Polysubstance Dependence in Remission in a Controlled Environment, Post Traumatic Stress Disorder, and Conduct disorder adolescent onset type. Plaintiffs contend their son's treatment was covered by their health insurance policy with the Defendants.

Plaintiffs requested Defendants provide medical care and treatment at CALO on March 31, 2009. This request was denied. Plaintiffs filed a first level appeal for the denial and were denied again. On August 31, 2009 Plaintiffs filed a second level appeal that was denied by Defendants on November 15, 2009. Plaintiffs allege they did not receive the correspondence communicating the denial until January 2010.

Plaintiffs allege the following expenses related to the treatment of their son's condition have not been reimbursed by Defendants: $9,000.00 per month for admission to CALO (beginning on March 27, 2009 and expected to continue in the future), $5,000.00 for treatment and evaluation at Royal Oaks Hospital in Windsor, Missouri on June 9, 2009, and approximately $10,000.00 for various out-of-pocket expenses incurred by various family members. Plaintiffs allege they owe approximately $154,000.00 that should be reimbursed by Defendants.

Plaintiffs assert five claims in their complaint. Count I seeks a declaratory judgment that the continued medical treatment of Plaintiffs' son will be covered by Defendants under 29 U.S.C. § 1132(a)(3). Count II seeks a preliminary injunction to prevent Defendants from denying medical coverage for the Plaintiffs' son's continued medical treatment in the future under 29 U.S.C. § 1132(a)(3). Count III alleges Defendants breached their fiduciary duty under 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1109(a). Count IV seeks the reimbursement of outstanding medical bills incurred in the treatment of Plaintiffs' son. Count V seeks attorneys fees and "other equitable relief" for the pain and suffering of the Plaintiffs.

*Legal Standard*

When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiffs. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations omitted). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.

*Counts I and II: Declaratory Judgment and Preliminary Injunction*

Defendants seek to dismiss Counts I and II of Plaintiff's complaint arguing Plaintiffs seek the same relief in Counts I and II as they seek in Count IV. In Count I, Plaintiffs seek a declaratory judgment that their son's continued medical treatment will be covered by Defendants

in the future under 29 U.S.C. § 1132(a)(3). In Count II, Plaintiffs seek a preliminary injunction to prevent Defendants from denying medical coverage for their son's continued medical treatment in the future under 29 U.S.C. § 1132(a)(3).[1] In Count IV, Plaintiffs seek reimbursement from Defendants for $154,000.00 of bills incurred by Plaintiffs in seeking medical treatment for their son prior to filing this suit under 29 U.S.C.§ 1132(a)(1)(B).

Section 1132(a)(1)(B) creates a cause of action for a participant or beneficiary to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Section 1132(a)(3)(B) creates a cause of action "by a participant, beneficiary, or fiduciary...to obtain other appropriate equitable relief...to enforce the terms of the plan." "[W]here a plaintiff is 'provided adequate relief by the right to bring a claim for benefits under...§ 1132(a)(1)(B),' the plaintiff does not have a cause of action to seek the same remedy under § 1132(a)(3)(B)." Geissal v. Moore Medical Corp., 338 F.3d 926, 933 (8th Cir.2003), quoting Conley v. Pitney Bowes, 176 F.3d 1044, 1047 (8th Cir.1999). The Supreme Court has stated that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" Varity Corp. v. Howe, 516 U.S. 489, 515 (1996).

In this case, Plaintiffs seek equitable relief under § 1132(a)(3)(B) in the form of a declaratory judgment and preliminary injunction to establish that Plaintiffs are entitled to coverage for the future treatment of their son's condition. Coverage of future treatment appears

---

[1] Plaintiffs clarify in their Response to Defendants' Motion for Partial Summary Judgment [#7] that in Counts I and II they are seeking a future determination of coverage, not monetary recovery of medical expenses incurred.

to fall squarely within the causes of action prescribed in § 1132(a)(1)(B), as it addresses the recovery of benefits due and clarification of future benefits under a plan. 29 U.S.C. § 1132(a)(1)(B). The cases indicate that a plaintiff can not pursue an equitable remedy under § 1132(a)(3)(B) if the relief sought is available under § 1132(a)(1)(B). Because Plaintiffs could achieve the same result under § 1132(a)(1)(B), I will grant Defendants' motion to dismiss Counts I and II. Plaintiffs are granted leave to amend their complaint to bring their claim for future coverage under the correct statutory provision.

*Count III: Breach of Fiduciary Duty*

Count III of Plaintiffs' complaint alleges the Defendants breached their fiduciary duty under 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1109(a) by failing to avoid making material misrepresentations, not providing a reasonable claims review procedure and failure to make adequate and timely inquiry into the Plaintiff's eligibility coverage. Section 1132(a)(2) provides a cause of action for breach of fiduciary duty under 29 U.S.C. § 1109(a) in that "a fiduciary...shall be personally liable to... [the] plan [for] any losses to the plan resulting from each such breach." Section 1109(a) only provides relief to a plan and not to individual beneficiaries. Conley v. Bowes, 176 F.3d 1044, 1047 (8th Cir. 1999). In *Conley*, the Plaintiff's cause of action for the restoration of long-term disability benefits was dismissed for failure to state a claim for which relief may be granted under § 1132(a)(2) because he had not "shown how reform of the claim procedure or removal of the fiduciaries will remedy the harms he...allegedly suffered, nor [had he] produced evidence of a pattern or practice of fiduciary violations that require reform." Id.

Similarly, in this case, Plaintiffs have not sought any remedies on behalf of the plan, but

-5-

merely seek a finding that the fiduciaries breached their duty. As in *Conley,* Plaintiffs have not shown how modification of the claims procedure or the removal of the plan fiduciaries will remedy the harms alleged and have not alleged that there is a pattern or practice of fiduciary violations that requires reform. Further, Plaintiffs failed to address in their response to Defendants' Motion to Dismiss [#7] how Plaintiffs were entitled to pursue their claim under 29 U.S.C. § 1109(a) on the behalf of either the plan or themselves as individuals. As a result, I will grant the Defendants' Motion to Dismiss Plaintiffs' Count III for breach of fiduciary duty.

*Count V: Pain and Suffering Damages*

Defendants argue that the pain and suffering damages Plaintiffs seek in Count V are not available under ERISA. ERISA does not allow recovery of extracontractual, compensatory or punitive damages. Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 144 (1985)("the statutory provision explicitly authorizing a beneficiary to bring an action to enforce his rights under the plan ... says nothing about the recovery of extracontractual damages"); Mathis v. American Group Life Ins. Co., 873 F.Supp. 1348, 1359-60 (8th Cir. 1994) (ERISA does not authorize damages other than the payment of benefits due under the plan and "[C]ourts have repeatedly held that ERISA does not authorize extracontractual, compensatory, or punitive monetary damages."). Plaintiffs concede in their response to Defendants' Partial Motion to Dismiss [#7] that such damages are not available under ERISA. As a result, I will grant Defendants' Motion to Dismiss Plaintiffs' claim for pain and suffering in Count V. The Plaintiffs' request for attorneys fees in Count V remains.

*Jury Demand*

Defendants have moved to strike Plaintiffs' jury demand because jury trials are

unavailable under ERISA. Rule 16(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). There is no right to a jury trial of ERISA claims. In re Vorpahl, 695 F.2d 318, 321-322 (8th Cir. 1982); Houghton v SIPCO, 38 F.3d 953, 957 (8th Cir. 1994). Plaintiffs concede in their response to Defendants' Partial Motion to Dismiss [#7] that there is no right to a jury trial in an ERISA case. Because all of Plaintiffs' claims arise under ERISA, I will grant Defendants' motion to strike Plaintiffs' jury demand.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' partial motion to dismiss [# 5] is **GRANTED** as to Counts I, II, III, and the pain and suffering damages request in Count V.

**IT IS FURTHER ORDERED that** Plaintiffs are granted leave to amend their complaint to bring their claim for future coverage under the correct statutory provision. Plaintiffs shall file an amended complaint no later than **14 days**.

**IT IS FINALLY ORDERED that** Defendants' motion to strike Plaintiffs' jury demand is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2010.